IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SIMONE SPARKS, <br><br> Plaintiff, <br><br> v. <br><br> INTEGRACARE HOME HEALTH SERVICES, INC. and KINDRED HEALTHCARE, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § Case No. 6:14-cv-480-JDK-KNM |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Relator Simone Sparks brought this action pursuant to the qui tam provisions of the False Claims Act ("FCA"), as amended, 31 U.S.C. §§ 3729–3733, and the Federal Anti-Kickback Statute, 42 U.S.C. §§ 1320a-7b. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants' motion to dismiss Relator's Third Amended Complaint. Docket No. 93. The Magistrate Judge issued a Report and Recommendation recommending that the Court grant the motion. Docket No. 112. Relator filed written objections, and Defendants responded to those objections. Docket Nos. 115 and 118.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Relator alleges that Defendants engaged in an "overarching scheme to 'grow' Defendants' business by increasing patient enrollments by any means necessary and maximizing revenues through fraudulent billing." Docket No. 91 ¶ 3. The Third Amended Complaint is Relator's fourth attempt to meet the applicable pleading standard. The Court previously dismissed Relator's First Amended Complaint and Second Amended Complaint as deficient and provided Relator the opportunity to amend based on the identified deficiencies. Docket Nos. 58 and 89.

Despite the Court's guidance, Relator made few substantive changes in the Second Amended Complaint and Third Amended Complaint. Accordingly, Judge Mitchell's Report concludes that the Third Amended Complaint still does not meet the requisite pleading standard. The Report also suggests that Relator should not be afforded an additional, fourth opportunity to amend the pleadings as a result of the prior, repeated opportunities.

Properly pleading an FCA violation requires a relator to plead that "(1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim)." *United States ex rel. Longhi v. Lithium Power Tech. Inc.*, 575 F.3d 458, 467 (5th Cir. 2009) (adopting

2

the requirements of *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.2008)). To be material, the alleged fraud must have "a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4); *Universal Health Servs. Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 192–93 (2016).

Relator's objections re-assert the same facts and arguments that Relator has previously raised, and which the Court previously rejected. But Relator has not pleaded specific factual details of a fraudulent scheme to submit false claims to the government. The Court has also already considered and distinguished the case Relator relies on—*United States ex rel. Prather v. Brookdale Senior Living Communities, Inc.*, 838 F.3d 750 (6th Cir. 2016). *See* Docket Nos. 89 at 3, 112 at 15–16. The Third Amended Complaint also relies on the same documents submitted with earlier pleadings and the same general allegations of an overarching scheme. And it repeats the same conclusory allegations—previously rejected by the Court—that final bills were submitted to Medicare with incomplete or missing documentation. These allegations are still insufficient to plead a certification claim. *See* Docket No. 89 at 3. Relator's objections do not dispute the Report's finding that she has abandoned any claim for a violation of the Anti-Kickback Statute and any claims against Defendant Kindred Healthcare, Inc. or Girling.

The Court notes that Relator has two pending motions for leave to file a Fourth Amended Complaint. Docket Nos. 109, 113. As stated in the Report, the Court may dismiss a claim without granting leave to amend if a party "has failed to plead with

particularity after being afforded repeated opportunities to do so." Docket No. 112 at 18 (citing *Hart v. Bayer Corp.*, 199 F.3d 248 n.6 (5th Cir. 2000)). Here, Relator has amended her claims multiple times after the Court dismissed for failure to meet the requisite pleading standard. Relator has exhausted her opportunities to amend the pleadings.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Relator's objections are without merit. Accordingly, the Court **OVERRULES** Relator's objections (Docket No. 115) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 112) as the opinion of the District Court. The Court **GRANTS** Defendants' motion to dismiss (Docket No. 93) and **DISMISSES** Relator's claims with prejudice, but without prejudice to the United States to bring these claims. Relator's motions for leave to file an amended complaint (Docket Nos. 109, 113) are **DENIED**.

So **ORDERED** and **SIGNED** this **21st** day of **October, 2024.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE